**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| AMERICAN GENERAL FINANCE, | ) CASE NO. |
|     Plaintiff/Counterclaim Defendant, | ) <br> ) JUDGE |
| v. | ) <br> ) |
| OPAL GRIFFIN, | ) <br> ) |
|     Defendant/Counterclaim Plaintiff, | ) **NOTICE OF REMOVAL BY PARTIES** <br> ) **ADDED AS COUNTERCLAIM** |
| v. | ) **DEFENDANTS MERIT LIFE** <br> ) **INSURANCE COMPANY, YOSEMITE** |
| AMERICAN GENERAL FINANCE CORPORATION, *et al.,* | ) **INSURANCE COMPANY, AMERICAN** <br> ) **GENERAL FINANCE CORPORATION** <br> ) **AND AMERICAN GENERAL** |
|     Parties Added as Counterclaim Defendants. | ) **FINANCE, INC.** <br> ) |

Pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, and the Class Action Fairness Act of 2005 ("CAFA"), parties added as Counterclaim Defendants Merit Life Insurance Co. ("Merit"), Yosemite Insurance Co. ("Yosemite"), American General Finance Corporation ("AGFC") and American General Finance Inc. ("AGFI," collectively, the "Removing Parties"), each improperly designated as a third party defendant, hereby give Notice of the Removal of the captioned matter from the Cuyahoga County Court of Common Pleas to the United States District Court for the

Northern District of Ohio, Eastern Division. In support thereof, the Removing Parties state as follows:

## I. INTRODUCTION

1. American General Finance commenced this matter by filing a simple one count collection action against Opal Griffin ("Griffin') in the Bedford Municipal Court, Case No. 08-CVF-05204 for $7,289.20 (the Collection Action"). None of the Removing Parties were parties to the Collection Action, and insurance and unearned insurance premiums were not at issue. After Griffin's initial Counterclaim was filed against only the original plaintiff, the case was transferred to the Court of Common Pleas of Cuyahoga County, Ohio and given case number CV-09-685562. Thereafter, Griffin filed a First and Second Amended Counterclaim -- again only against the original plaintiff.

2. On October 16, 2009, Griffin as plaintiff filed a pleading she styled Third Amended Counterclaim and Third Party Complaint (the "Griffin Class Complaint"), adding Merit, Yosemite, AGFC and AGFI as parties for the first time, and asserting independent affirmative claims against them relating to insurance products that were not part of the Collection Case (a copy of the Griffin Class Complaint is attached as Exhibit "1"). As a matter of law, none of the Removing Parties are third party defendants, as no claim for indemnification is asserted against any of them. Since only affirmative claims are asserted against them, they can only be considered parties added as counterclaim defendants.

3. Pursuant to CAFA and 28 U.S.C. § 1332(d), federal courts are granted jurisdiction over class actions in which: (i) there is minimal diversity; (ii) there are 100 or more class members; and (iii) the aggregate amount in controversy exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6). The Removing Parties here can satisfy all of those

elements. CAFA also, as confirmed by the recent decisions of Judge Zouhary in *Deutsche Bank National Trust Co. v. Weickert*,[1] allows parties added as counterclaim defendants such as Merit, Yosemite, AGFC and AGFI to remove.

## II. CAFA AUTHORIZES REMOVAL BY ANY DEFENDANT SUCH AS MERIT, YOSEMITE, AGFC AND AGFI--PARTIES ADDED AS COUNTERCLAIM DEFENDANTS

4. CAFA propounds Congress' intent to have federal courts adjudicate interstate class action lawsuits brought against "**any defendant**" when minimal diversity exists. CAFA applies to any class action commenced on or after February 18, 2005. (*See* 28 U.S.C. § 1332 Note.) This putative class action arises under CAFA and removal is determined pursuant to its jurisdictional dictates.

5. Congress enacted CAFA to expand federal court jurisdiction over class actions through 28 U.S.C. § 1453(b):

> A class action may be removed to a district court of the United States in accordance with Section 1446 (except that the one year limitation under Section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the state in which the action is brought, except that such action may be removed by *any defendant* without the consent of all defendants. Congress amended 28 U.S. § 1332 "to allow federal courts to hear more interstate class actions on a diversity jurisdiction basis" and it added 28 U.S. § 1453 "to insure that qualifying interstate class actions initially brought in state courts may be heard by federal courts."

S.Rep.No. 109-14, at 5 (2005) (*emphasis added*).

6. Unlike the previous versions of the statute under which many courts refused to allow counterclaim defendants to remove, § 1332, as amended by CAFA, allows removal by *any* defendant, such as Merit, Yosemite, AGFC and AGFI here, and grants original jurisdiction to

---

[1] Case No. 3:09 CV 288, 2009 WL 1011098 (N.D.Ohio April 15, 2009) ("*Weickert I*") and 638 F.Supp.2d 826 (N.D.Ohio July 2, 2009) ("*Weickert II*").

district courts over class actions where the other jurisdictional requirements are met. *Weickert I* at * 1. *See also*, *Palisades Collections, LLC v. Shorts*, 552 F.3d 327, 342 (4th Cir. 2008) Niemeyer, J., dissenting.

In *Weickert II, supra*,[2] Judge Zouhary thoroughly analyzed the removal issue and denied a Motion to Remand, allowing removal by counterclaim defendants in a case with the same procedural posture as the one at bar. The Court held:

> **WHICH PARTIES ARE ENTITLED TO REMOVE UNDER CAFA?**
>
> HLS and LSR, counterclaim defendants, removed under CAFA. The relevant section of CAFA provides:
>
>> **(b) In general.** – A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.
>
> 28 U.S.C. § 1453(b). By comparison, the general removal statute, 28 U.S.C. § 1441, provides that cases "may be removed by *the* defendant or *the* defendants." 28 U.S.C. § 1441(a). [*footnote omitted*].
>
> \* \* \*
>
> Neither the Supreme Court nor the Sixth Circuit has addressed whether and how CAFA removal under Section 1453(b) impacts traditional removal under Section 1441(a). Certainly there is a tension between the two statutes: CAFA uses the phrase "*any* defendant" while Section 1441(a) uses the phrase "*the* defendant or *the* defendants."
>
> \* \* \*
>
> Directly on point is a recent split decision from the Fourth Circuit, which illustrates the two competing interpretations of Section 1453(b). In *Palisades Collections, LLC v. Shorts*, 552 F.3d 327 (4th Cir. 2008), *cert. denied* --- U.S. --- 129 S.Ct. 2826, 174 L.Ed.2d 553 (2009), a collection agency filed suit in state court to collect $794.97 in unpaid charges on defendant Shorts' cellular phone contract. *Id.* at 329. Shorts responded by filing class-action counterclaims of consumer fraud against the collection agency, as well as AT & T Mobility, the

---

[2] *Weickert* is on appeal to the Sixth Circuit.

4

phone service provider. *Id.* AT & T was joined to the action as a counterclaim defendant. *Id.* AT & T removed the case to federal district court, citing CAFA as the basis for federal jurisdiction. *Id.* . . . .

* * *

… In a well-reasoned dissent, Justice Niemeyer examined the relevant text of CAFA, as well as the legislative history, and concluded that CAFA expanded removal authority to include counterclaim defendants:

> Section 1441(a) states the general rule for removal authority . . . . This language is the basis for both the rule that *all* defendants must unanimously consent to removal, *see Chicago Rock Island & Pac. Ry. v. Martin*, 178 U.S. 245, 247, 20 S.Ct. 854, 44 L.Ed. 1055 (1900), and the rule that only *original* defendants can remove, *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106-08, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). But 28 U.S.C. § 1453(b), which was added by CAFA, provides a different rule for removal of class actions over which the district court has removal jurisdiction. It states that a class action "may be removed by *any* defendant without the consent of all defendants" (*emphasis added* [in original]). This language expands removal authority in the CAFA context. *Id.* at 338.[3]

**This Court agrees with Judge Niemeyer that CAFA expanded removal authority to include parties added as counterclaim defendants to a class action by authorizing removal by "*any* defendant," rather than "*the* defendant."** [emphasis added] "Read naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'" *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 128 S. Ct. 831, 835-36, 169 L.Ed.2d 680 (2008). "A counterclaim defendant is certainly a 'kind' of defendant and falls easily within 'indiscriminately of whatever kind' of defendant." *Palisades Collections*, 552 F.3d at 339 (Niemeyer, J., dissenting).

* * *

Congress intended to expand federal diversity jurisdiction in certain qualifying class actions (those where the claim exceeds $5 million, the class includes at least 100 plaintiffs, and minimal diversity exits)….

---

[3] In *Palisades*, Judge Niemeyer stated: "Similarly, I submit that §1453(b), in authorizing removal 'by *any* defendant,' also expands removal authority beyond the limits of §1441(a) **so that it includes any defendant joined as an additional defendant to a counterclaim, as well as any counterclaim defendant.**" *Id*. at 339. (*Emphasis in original and bolding added*). "[T]his stated purpose for expanding federal jurisdiction and liberalizing removal in the CAFA context is part of the statutory text, and federal courts surely have an obligation to heed it." *Id*. at 342. *See also*, *State of Tex. By and Through Bd. of Regents of Univ. of Texas System v. Walker*, 142 F.3d 813, 816 (5th Cir. 1998) (permitting removal by additional counterclaim defendant); *Mace Sec. Int'l, Inc. v. Odierna*, 2008 WL 3851839, *4 (S.D.Fla. Aug. 14, 2008) (same); *H&R Block, Ltd. v. Housden*, 24 F.Supp.2d 703, 706 (E.D.Tex. 1998) (same).

\* \* \*

…Congress went on to state that one of the purposes of CAFA was to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under jurisdiction." CAFA § 2(b)(2). **Concluding that a lawsuit that otherwise qualifies under CAFA is not of national importance merely because the class-action plaintiffs brought the claim via counterclaims rather than an original complaint contravenes clear congressional intent.** [*Emphasis added*].

\* \* \*

The plain text of CAFA, and the expressed congressional purpose in passing the statute, support[sic] this Court conclusion that 28 U.S.C. § 1453(b) authorizes class-action defendants, joined by way of a counterclaim, to remove to federal court. Therefore, HLS and LSR properly removed, and this Court has jurisdiction over the matter."

(*All emphasis in original except as noted*).[4]

### A. *The Removing Parties Are Improperly Designated as "Third-Party Defendants"*

7. This Collection Action filed by original Plaintiff American General Finance *nka* American General Financial Services, Inc. ("AGFS") against Griffin was a simple collection matter. Now Griffin, assuming the position of counterclaim plaintiff, is attempting to expand the Collection Action into a class action seeking millions of dollars on behalf of hundreds, if not thousands, of class members.

8. As a matter of law, Merit, Yosemite, AGFC and AGFI are each improperly designated as "Third-Party Defendants" in the Griffin Class Complaint. In order to bring a third-party claim under Rule 14(A) of the Ohio Rules of Civil Procedure, the claim must be derivative of the outcome of the main claim, and the third-party defendant—unlike Merit, Yosemite, AGFC

---

[4] In *Wells Fargo Bank v. Gilleland,* 621 F.Supp.2d 545 (N.D.Ohio 2009), Judge Katz did not allow removal under CAFA. *Id.* at 549. While Judge Katz recognized that a third party claim must involve an indemnity claims (*id.* at 547), he held that a counterclaim defendant could not remove because "removal statutes are to be narrowly construed." *Id.* at 548 (*quotation omitted*). However, unlike Judge Zouhary in *Weickert,* Judge Katz relied heavily on pre-CAFA cases, which are not controlling here.

and AGFI here—must be "secondarily liable" or "liable over." *Renacci v. Martell*, 91 Ohio App.3d 217, 632 N.E.2d 536, 538 (9th Dist. 1993). Rule 14(A) of the Ohio Rules of Civil Procedure does not allow a "third-party complaint" to be founded on an original defendant's independent cause of action against a party, regardless of whether the original defendant chooses to label that party a "third-party defendant," even if those independent causes of action arise out of the same occurrence underlying the original plaintiff's claim against the original defendant. *State Farm. Mut. Ins. Co. v. Charlton*, 41 Ohio App.2d 107, 322 N.E.2d 333, 335 (10th Dist. 1974).

A third-party pleading is appropriate only "where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party defendant to be impleaded." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.,* 512 F.3d 800, 805 (6th Cir. 2008) (interpreting analogous federal rule). There are no allegations in the Griffin Class Complaint suggesting that any of the Removing Parties "may be liable to [Griffin] for all or part of the plaintiff's [AGFS] claims against [her]" as required by Rule 14 for a third-party complaint. Therefore, as a matter of law, none of the Removing Parties can be properly characterized as "third-party defendants" for purposes of any jurisdictional analysis.

  **B.** ***Merit, Yosemite, AGFC and AGFI Are Defendants or Parties Added As Counterclaim Defendants Entitled To Remove***

9. Griffin has asserted affirmative claims for recovery against Merit, Yosemite, AGFC and AGFI by adding them "as defendants," at the same time she asserts her related counterclaim against the original Plaintiff, apparently on the ground that the affirmative claims against the Removing Parties arise out of the same transaction, occurrence or succession or series of transactions or occurrences at issue in the Collection Action. *See* Ohio Civ.R. 20. Thus, Merit,

7

Yosemite, AGFC and AGFI, like the added defendants allowed to remove in *Weickert*, are necessarily are either "defendants" or "counterclaim defendants" entitled to remove if they meet the other requirements for removal.

### III. THE REMOVING PARTIES MEET CAFA REMOVAL REQUIREMENTS

10. This Court has original subject matter jurisdiction over this action under CAFA because: (i) there is minimal diversity; (ii) there are more than 100 putative class members; and (iii) the aggregate amount in controversy exceeds $5,000,000. Jurisdictional facts admitted in pleadings may establish subject matter jurisdiction. *Ferguson v. Neighborhood Hous. Serv. of Cleveland, Inc.*, 780 F.2d 549, 550-51 (6th Cir. 1985).

#### A. *Diversity*

11. At the time of the filing of the Griffin Class Complaint, and the time of removal, Griffin was a citizen of Ohio (Griffin Class Complaint, ¶ 11) and both Merit and Yosemite are citizens of Indiana where both are incorporated and have their principal places of business. (Affidavit of A. Bruce Casteel, attached hereto as Exhibit "2", ¶ 1). AGFC and AGFI are also citizens of Indiana, where each is incorporated and has its principal places of business. (Griffin Class Complaint, ¶¶ 2-3). Thus, minimal diversity clearly exists. 28 U.S.C. § 1332(d)(2)(A).

#### B. *Number of Class Members*

12. The Griffin Class Complaint alleges a putative class action on behalf of "hundreds if not the thousands." (Griffin Class Complaint, ¶ 62.) The class is defined by the Griffin Class Complaint as any Ohio resident who "in the 6 years preceding the filing of the lawsuit against Ms. Griffin (August 11, 2009): (a) entered into a loan with AGFS where AGFS sold credit life, credit disability, unemployment or personal property insurance;" and (b) where there was a refinance of the loan and there was either was no refund of any unearned premium for credit

property insurance or proper credit or rebate of the credit disability or unemployment insurance. (Griffin Class Complaint, ¶ 61). While the Removing Parties deny any liability for any of the allegations set forth in the Griffin Class Complaint, based solely upon the class definition in the Griffin Class Complaint, there are well over 1000 potential class members. (Affidavit of Michael McClellan, attached hereto as Exhibit "3," ¶ 3.)

13. Accordingly, there are more than 100 putative class members based solely upon the allegations in the Griffin Class Compliant, and further proven by the affidavits submitted by the Removing Parties. 28 U.S.C. § 1332(d)(5)(B).

### C. Amount In Controversy

14. Significantly, Griffin does not allege that the total amount of recovery sought on behalf of the putative class is ***less than*** $5,000,000, implicitly acknowledging that the amount in controversy exceeds $5 million. *See Smith v. Nationwide Prop. & Cas. Ins. Co.,* 505 F.3d 401, 407 (6th Cir. 2007) (as the "master of [his] complaint," a plaintiff may sue for less than the amount to which he may be entitled if he wishes to avoid federal jurisdiction and remain in state court.).

15. The amount in controversy in the Griffin Class Complaint exceeds the aggregate sum of $5,000,000, excluding interest and costs.

16. Under CAFA, the amount in controversy can be determined from the perspective of either the plaintiff or defendant. S.Rep.No. 109-14, at 42 (2005). A defendant may rely on a fair reading of the allegations in plaintiff's complaint in order to demonstrate the amount in controversy. *See, e.g., Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001); *Glazer v. Whirlpool Corp.*, Case No. 1:08-CV-1624, 2008 WL 4534131, *2 (N.D.Ohio Oct. 6, 2008). Jurisdictional facts must be established by a preponderance of the evidence. *Cancino v.*

*Yamaha Motor Corp.*, 494 F.Supp.2d 664, 666 (S.D.Ohio 2005). When a "federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." S.Rep.No. 109-14, at 42 (2005).

17. The crux of the Griffin Class Complaint is that class members did not receive proper refunds of insurance premiums after the loans were paid off and that there was therefore overcharges of interest on subsequent refinanced loans. That Complaint attempts to assert putative class claims for usury (Griffin Class Complaint, ¶¶ 67-77), unconscionability (*id.* at ¶¶ 78-82), violations of the Truth in Lending Act (*id*. at ¶¶ 83-90), unjust enrichment (*id.* at ¶¶ 91-101), money had and received (*id.* at ¶¶ 102-107), breach of contract (*id.* at ¶¶ 108-111), breach of fiduciary duty (*id.* at ¶¶ 112-119), and civil conspiracy (*id.* at ¶¶ 120-131), in addition to certain individual causes of action.

18. In the prayer for relief, the Griffin Class Complaint seeks recovery which includes: (i) an injunction disallowing certain alleged practices; (ii) an order awarding judgment in the amount equal to the refund of all unearned premiums; (iii) an award of compensatory damages in the amount of all excess interest paid on the refinanced loans; (iv) an award computed based upon the return of all interest payments if the loan interest rates were reduced on loans to 8%; (v) removal of adverse credit reports; (vi) punitive damages; (vii) an order declaring all security interests void; (viii) an award of $500,000 on Count 4; and (ix) attorneys' fees and costs. The prayer for relief seeks an order granting class certification and remedies for each putative class member.

19. In regard to the claim for damages referenced in ¶ 18(iv) above, the Griffin Class Complaint alleges the loans should have their interest rate reduced to 8% and that there should be an award to the class in the amount equal to the refund of amounts paid in excess of 8%. (Griffin Class Complaint, Prayer, ¶ 5). This would equate to a refund of two thirds of the amount of the finance charges paid during the loan if the loan interest rate were 24% or higher.[5] There were many thousands of loans made that were refinanced that would fit in this Griffin Class Definition. In 2006 alone, the total finance charges for these loans during the term of each such loan equaled $14,583,027.44. (Casteel Affidavit, ¶¶ 3-4). If the Griffin Class Complaint allegations were found to be valid, which is expressly denied, the recovery based upon the reduction of the loan rate from 24% to 8%, or two thirds, *in 2006 alone* would result in an amount in controversy up to $9,624,789.11. Since the loans are not usually held for their entire term, only that portion representing the time interest was actually paid would be at issue. Even if the loans were only held for one third of the loan period, the amount at issue as asserted in the Griffin Class Complaint would be over $3,200,000 for 2006 alone. It is clear that over the 6 year period claimed the total at issue based on just this claim would greatly exceed $5,000,000 -- the required minimum amount in controversy to trigger CAFA jurisdiction based upon only one of the six years at issue.

20. Griffin also seeks $500,000 in statutory damages for her Truth in Lending claim (Griffin Class Complaint, Count 4). With over 1,000 potential claimants based upon the allegations in the Griffin Class Compliant, at up to $1,000 each, the amount in controversy for that claim is $500,000. Therefore, $500,000 must be added for purposes of establishing the amount in controversy.

---

[5] For purposes of determining the amount in controversy, the Removing Parties only considered loans with an interest rate of 24.00-24.99%, even though the proposed class definition does not contain any interest limitation.

21. Griffin additionally seeks an award in an amount equal to "the refund of all unearned premiums." (Griffin Class Complaint, Prayer, ¶ 3). While the Removing Parties do not agree there are any amounts are so due, $13,538,634 was refunded in the years in question related to just of the types of credit insurance at issue-credit disability and unemployment insurance. (McClellan Affidavit, ¶¶ 2-4). If even 10% were required to be refunded due to alleged miscalculation of the amount owed as claimed by the Griffin Class Complaint, the amount at issue would total over $1,353,863. This does not include the amount of refunds allegedly not refunded at all, as alleged by Ms. Griffin. (Griffin Class Complaint, ¶ 24).

22. The Griffin Class Complaint also seeks attorneys' fees which, based on either a percentage of recovery (30%) or loadstar, would be in the area of $1,000,000 based solely on the allegations in the Griffin Class Complaint and the above amounts at issue. Punitive damages, injunctive relief and a credit reporting fix are also sought. Adding together all of these amounts establishes that the amount in controversy clearly greatly exceeds the $5,000,000 requirement.

## IV. CONCLUSION

23. Because this action states a basis for original subject matter jurisdiction under 28 U.S.C. §1332, this action is removable pursuant to 28 U.S.C. § 1441(a).

24. Pursuant to 28 U.S.C. § 1453(b), it is not necessary to obtain the consent of all defendants in order to remove this action, although all defendants do consent.

25. Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court of the Northern District of Ohio is proper because this District embraces the Common Pleas Court of Cuyahoga County, Ohio, where the action is currently pending. 28 U.S.C. § 115(a).

26. Pursuant to 28 U.S.C. § 1446(d), the Removing Parties will promptly file a copy of this Notice of Removal in the Cuyahoga County, Ohio, Court of Common Pleas, and give written notice of the removal of this action to counsel.

27. By removing the action to this Court, the Removing Parties do not waive any defenses, objections or motions available to them under state or federal law. They expressly reserve the right to require that Griffin's claims be decided through arbitration, and to move for dismissal of Griffin's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

28. All of the statutory requirements for removal to this Court under CAFA, 28 U.S.C. §§ 1332(d), 1441(a) and (b), and 1453, are and have been satisfied.

29. None of the exceptions under CAFA to this Court's "minimal diversity" jurisdiction apply here.

30. Merit, Yosemite, AGFC, and AGFI were each served was served on October 26, 2009. This Notice of Removal is being filed within 30 days of service of the Griffin Class Complaint on the Removing Parties, and is therefore timely under 28 U.S.C. § 1446(b).

31. Pursuant to 28 U.S.C. § 1446(a), the Removing Parties have attached collectively hereto all process, pleadings and orders served upon them. (*See* Exhibits "1" and "4"–"17").

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, Counterclaim Defendants Merit Life Insurance Co., Yosemite Insurance Company, American General Finance Corporation and American General Finance Inc. respectfully remove the captioned civil action to this Court.

>Respectfully submitted,
>
>*s/Barbara Friedman Yaksic*
>Barbara Friedman Yaksic (0014338)
>James S. Wertheim (0029464)
>**McGlinchey Stafford PLLC**
>25550 Chagrin Boulevard, Suite 406
>Cleveland, Ohio 44122-4640
>Telephone: (216) 378-9905
>Facsimile:  (216) 378-9910
>byaksic@mcglinchey.com
>jwertheim@mcglinchey.com
>
>*Counsel for Merit Life Insurance Co., Yosemite Insurance Company, American General Finance Corporation and American General Finance Inc.*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing *Notice of Removal of Counterclaim Defendants Merit Life Insurance Company, Yosemite Insurance Company, American General Finance Corporation and American General Financial Inc.* has been served this 25th day of November 2009, by first class U.S. mail, postage prepaid, upon the following:

Ronald I. Frederick, Esq.
Ronald I. Frederick & Assoc., Co., L.P.A.
55 Public Squire, Suite 1300
Cleveland, Ohio  44113-1971

and

Ellen Holland Keller, Esq.
55 Public Square, Suite 1510
Cleveland, Ohio  44113-1998

*Counsel for Opal Griffin*


*s/Barbara Friedman Yaksic*
Barbara Friedman Yaksic


576128.1