UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------

                                             :

AMERICAN GENERAL              :
FINANCIAL SERVICES,          :

                                             :         CASE NO. 1:09-CV-2772

         Plaintiff/Counterclaim Defendant,    :

                                             :

vs.                                             :         OPINION & ORDER
                                             :         [Resolving Doc. No. 19]

OPAL GRIFFIN,                  :

                                             :

         Defendant/Counterclaim Plaintiff,    :

                                             :

vs.                                             :

                                             :

AMERICAN GENERAL             :
FINANCE CORP., *et al.*,            :

                                             :

         Counterclaim Defendants.           :

                                             :

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      In this individual collection action and Truth in Lending Act putative class counterclaim,

Opal Griffin moves this Court to remand the case to the Cuyahoga County Court of Common Pleas.

[Doc. 19.]  The counterclaim Defendants, who removed this action under the Class Action Fairness

Act of 2005 ("CAFA"), oppose remand.  [Doc. 31.]

      This case originated when Plaintiff American General Financial Services ("AGFS") filed a

collection action in state court against Griffin, seeking approximately $7,300 allegedly due AGFS

on loans made to Griffin. [Doc. 1-5.]  Griffin responded by filing a class action counterclaim against

Case No. 1:09-CV-2772
Gwin, J.

AGFS as well as American General Finance Corporation ("AGFC"), American General Finance, Inc., ("AGFI"), Yosemite Insurance Company, ("Yosemite"), and Merit Life Insurance Company ("Merit Life") (collectively, "the Companies").[1/]  With her counterclaim, Griffin alleges that the Companies failed to properly refund premiums paid by borrowers for various credit insurance policies purchased in conjunction with their loans.

After Griffin filed her Third Amended Counterclaim, the newly-added Defendants—all but original Plaintiff AGFS—removed the case to this Court, claiming subject matter jurisdiction under CAFA.  With her motion to remand, Griffin says that removal under CAFA was inappropriate for two reasons: (1) this action is excepted from CAFA jurisdiction under 28 U.S.C. § 1332(d)(4), and (2) the removing parties are not "defendants" eligible to remove the case under 28 U.S.C. § 1453(b).

For the following reasons, the Court **GRANTS** the motion to remand.

## I. Background

Over the course of five years, AGFS, an Ohio corporation, made eight loans to Opal Griffin, a resident of Cleveland, Ohio, ranging in principal amount from $3,000 to $7,700. [Doc. 1-2 at 7.] Each loan refinanced a balance due on a previous loan and often extended some additional credit as well. [Doc. 1-2 at ¶29.] According to Griffin's Class Action Counterclaim, the contract interest rate on the loans was 24.99%. [Doc. 1-2 at ¶29.]

With each loan, AGFS also sold Griffin multiple credit insurance policies, written by Yosemite and Merit Life. [Doc. 1-2 at ¶28.] The up-front premiums for these policies—totaling an average $950 per loan—were included in the initial  principle amount for each loan.  [Doc. 1-2 at ¶29.]  According to Griffin, however, when she terminated each loan by refinancing it, AGFS and

---

[1/]AGFI owns AGFC, which in turn owns Yosemite, Merit Life, and AGFS.

-2-

Case No. 1:09-CV-2772
Gwin, J.

the Companies failed to fully pay or credit to her the unearned premium from the terminated insurance policies. [Doc. 1-2 at ¶¶35-39.]  Griffin says this failure in turn caused the interest rates on the loans to exceed the statutory maximum, led to violations of the Truth in Lending Act, and beached her contract with AGFS. [Doc. 1-2 at 14, 16-17, 19.]

On August 11, 2008, AGFS filed a collection action against Griffin in Bedford Municipal Court, seeking $7,289.48 allegedly due and owing on Griffin's most recent loan. [Doc. 1-5.]  In May 2009, after the case was transferred to the Cuyahoga County Court of Common Pleas, Griffin filed a Second Amended Answer with Counterclaims[2] against AGFS. [Doc. 1-11.]

On October 16, 2009, however, Griffin filed a Third Amended Counterclaim and Third-Party Complaint, adding four Indiana corporations as "Third Party Defendants": AGFC, AGFI, Merit Life, and Yosemite. [Doc. 1-2.] These four entities subsequently removed the case to this Court, alleging jurisdiction under the Class Action Fairness Act of 2005. [Doc. 1.]

On December 30, 2009, Griffin filed a motion to remand the case to state court. [Doc. 19.] The Defendants opposed the motion. [Doc. 31.]  In her reply, Griffin raised the issue of CAFA's local controversy exception. [Doc. 32.] Accordingly, the Court granted the Defendants leave to file a supplemental brief on the issue. [Doc. 35-1.]  The parties having fully briefed all legal issues presented, the motion to remand is now ripe for ruling.

## II. Legal Standard

The Class Action Fairness Act of 2005 ("CAFA") establishes federal subject matter jurisdiction over class actions where minimal diversity exists, the putative class has at least 100

---

[2] Specifically, Griffin alleged class claims against AGFS for usury, violation of the Truth in Lending Act, unjust enrichment, breach of contract, breach of fiduciary duty, and civil conspiracy.

Case No. 1:09-CV-2772
Gwin, J.

members, and the amount in controversy exceeds $5 million. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1332(d)(6).

As to removal, a defendant may remove any civil action brought in state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Moreover, as provided in CAFA, "A class action may be removed to a district court of the Untied States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b).

Removal jurisdiction raises significant federalism concerns. *See Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804 (1986); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1 (1983). Federal courts therefore must strictly construe removal jurisdiction. *Shamrock Oil & Gas Corp v. Sheets,* 313 U.S. 100 (1941); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). The removing party bears the burden of showing that removal was proper. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989); 14C Wright, Miller, Cooper, & Steinman, *supra*, § 3739, at 836-37.

Generally, ambiguities regarding removal are strictly construed against federal jurisdiction. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549- 50 (6th Cir. 2006); see also *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). However, in the case of exceptions to CAFA, "legislative history suggests that Congress intended the local controversy exception to be a narrow one, with all doubts resolved in favor of exercising jurisdiction over the case." *Evans v. Walter Indst., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (internal quotations omitted). Thus, those courts of appeals that have considered the issue have uniformly held that the party seeking remand bears

-4-

Case No. 1:09-CV-2772
Gwin, J.

the burden of establishing that the home state or local controversy exceptions apply. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 153 (3d Cir. 2009); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007)* ("[O]nce federal jurisdiction has been established under [§ 1332(d)(2)], the objecting party bears the burden of proof as to the applicability of any express statutory exception under §§ 1332(d)(4)(A) and (B)."); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 680 (7th Cir. 2006) (same); *Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 546 (5th Cir. 2006) (same); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1165 (11th Cir. 2006) (same); *see also McClendon v. Challenge Financial Investors Corp.*, No. 1:08CV1189, 2009 WL 589245, at *13 (N.D. Ohio Mar. 9, 2009).

Accordingly, in this case, the Companies bear the burden of showing that removal was procedurally proper, and Griffin bears the burden of showing that either of the exceptions to CAFA jurisdiction apply.

### III. Analysis

Griffin's motion to remand presents both substantive and procedural challenges to the removal of this case.  First, Griffin says that assuming removal was procedurally proper, this Court must nevertheless remand the case because it presents a local controversy and removal to federal court is improper.  Second, Griffin says that regardless of CAFA jurisdiction, the removing parties here were procedurally ineligible to remove.  The Court finds remand appropriate under both arguments.

### A. The Local Controversy Exception

With the Class Action Fairness Act, Congress enacted a new form of diversity jurisdiction for certain interstate class actions. 28 U.S.C. § 1332(d)(2).  The diversity jurisdiction authorized in

Case No. 1:09-CV-2772
Gwin, J.

§ 1332(d), however, is not absolute.  Relevant here, the district court *must* decline to exercise

jurisdiction where the case presents a "local controversy" as defined in § 1332(d)(4)(A).

Under the local controversy exception, a district court *shall* decline to exercise jurisdiction

over a class action in which:

> (i)(I) greater than two-thirds of the members of all proposed plaintiff classes in the
> aggregate are citizens of the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant-
>> (aa) from whom significant relief is sought by members of the plaintiff class;
>> (bb) whose alleged conduct forms a significant basis for the claims asserted
>> by the proposed plaintiff class; and
>> (cc) who is a citizen of the State in which the action was originally filed; and
> (III) principal injuries resulting from the alleged conduct or any related conduct of
> each defendant were incurred in the State in which the action was originally filed;
> and
> (ii) during the 3-year period preceding the filing of that class action, no other class
> action has been filed asserting the same or similar factual allegations against any of
> the defendants on behalf of the same or other persons.

*Id.* § 1332(d)(4)(A).

Turning first to the citizenship prong, Griffin limits her proposed class to "Ohio residents"

who "entered into loan agreements with AGFS," an Ohio corporation. [Doc. 1-2 at 12.]  As the Court

in *Ford Motor Credit Co. v. Jones*, noted, this class limitation satisfies the plaintiff's burden to show

that greater than two-thirds of the class are citizens of Ohio.[3] No. 1:07CV728, 2007 WL 2236618,

at *3 (N.D. Ohio July 31, 2007) (holding local controversy exception applied where class was

limited to "Ohio residents" who entered into leases in Ohio); *see also In re Welding Fume Products

Liab. Litig.*, 245 F.R.D. 270, 287 n. 38 (N.D. Ohio 2007) ("On the other hand, it is more likely that

an exception to federal jurisdiction would apply to a single-state plaintiff class."); *Mattera v. Clear*

---

[3]Although the removing parties argue that this class definition is inadequate because it does not expressly limit
the class to Ohio citizens, this Court notes that given the specific facts of this case—Ohio residents entering into loans
with an Ohio corporation—it is more likely than not that more than two-thirds of the class members are Ohio citizens.

Case No. 1:09-CV-2772
Gwin, J.

*Channel Comm., Inc.*, 239 F.R.D. 70, 80 (S.D.N.Y 2006) (finding citizenship prong of (4)(A) satisfied where "it is reasonably likely that more than two-thirds of the putative class members of the proposed class—all of whom work in New York—are citizens of New York").

Second, Griffin must show that the class seeks "significant relief" from AGFS—the only Ohio counter defendant—and that AGFS's conduct forms a "significant basis" for the class claims. *Id.* § 1332(d)(4)(A)(i)(II).

Although the Sixth Circuit has not yet discussed the meaning of "significant relief" and significant basis" as used in CAFA, the Third and Eleventh Circuits have held that these provisions require a comparison between the local defendant's significance and the significance of all the defendants. *Kaufman*, 561 F.3d at 156 ("[I]f the local defendant's alleged conduct is a significant part of the alleged conduct of all the Defendants, then the significant basis provision is satisfied."); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, (11th Cir. 2006) (analyzing comparative significance of relief sought against local defendant relative to relief sought from co-defendants).

Thus, rather than look to whether the relief or conduct of the local defendant is significant in an absolute sense, a court must undertake "a substantive analysis comparing the local defendant's alleged conduct to the alleged conduct of all the Defendants." *Kaufman*, 561 F.3d at 156; *see also Mattera*, 239 F.R.D. at 80 (holding that defendant that employed and paid most of plaintiff class was "significant defendant" because it would be responsible for most of relief sought: payment of unlawfully withheld wages).

Applying this analysis to the instant case, the Court finds that AGFS is a significant defendant under § 1332(d)(4)(A)(i)(II).  Looking first to the allegations in the Third Amended Class Counterclaim, the class brings claims for usury, unconscionability, violation of the Truth in Lending

Case No. 1:09-CV-2772
Gwin, J.

Act, breach of contract, and breach of fiduciary duty *exclusively* against AGFS. [Doc. 1-2 at 14-22.]
In addition to the civil conspiracy claim brought against all defendants, the only claims brought
against the out-of-state defendants are for violations of Ohio insurance law and unjust enrichment.
[Doc. 1-2 at 17-19.]

The Court recognizes that the improperly calculated or non-existent refunds form the basis
of the claims in this case. Nevertheless, Griffin says that the class members potentially assigned any
unearned insurance premiums to AGFS and appointed AGFS their attorney-in-fact to obtain the
appropriate refunds. [Doc. 1-2 at 8.] Moreover, AGFS allegedly prepared the loan agreements, sold
the insurance to the class, collected the initial premiums, and ultimately failed to ensure that the
appropriate refund was incorporated into the next loan the class members received. [Doc. 1-2 at 12.]
Thus, the Court finds that AGFS's conduct forms a significant basis for the class claims.

As to the relief sought, the class seeks a permanent injunction against AGFS, actual damages
in the amount of all excess interested paid to AGFS on the refinanced loans, a reduction of the
interest rate on the loans made by AGFS and a refund of interest paid to AGFS in excess of that
reduced interest rate, an order that AGFS correct any adverse credit reporting information, and
ultimately statutory damages and attorney's fees for failure to make required disclosures under the
Truth in Lending Act. [Doc. 1-2 at 17, 23.]

Comparatively, the class seeks only refunds of the excess premiums and no statutory damages
from the removing parties. [Doc. 1-2 at 17-18.] Moreover, as noted previously, Griffin and the class
members potentially assigned any right to collect these premiums to AGFS. Therefore, the class
seeks significant relief from AGFS as compared to the removing parties. *See Coffey v. Freeport-
McMoRan Copper & Gold, Inc., 623 F. Supp. 2d 1257, 1267 (W.D. Okla. 2009)* ("The plaintiffs'

-8-

Case No. 1:09-CV-2772
Gwin, J.

inclusion of other members of the corporate structure as defendants does not mean the class is not

seeking to recover its full damages from [the local defendant].").

Having established that AGFS is a significant defendant under § 1332(d)(4)(A)(i)(II), Griffin

must next show that the "principal injuries resulting from the alleged conduct or any related conduct

of each defendant were incurred in the State in which the action was originally filed." *Id.* §

1332(d)(4)(A)(i)(III).  The Court finds that Griffin meets her burden on this element.  As noted

above, she alleges the Defendants failed to refund premiums and to charge proper interest rates in

Ohio, Griffin lives in Ohio, the loans and accompanying insurance policies were issued in Ohio, and

Ohio residents make up the putative class.  Thus, to the extent there are any injuries resulting from

the alleged conduct, the Court finds the class incurred those injuries in Ohio. *See Kaufman*, 561 F.3d

at 158.

Finally, in order for the local controversy exception to apply, Griffin must show that no other

class action has been filed in the preceding three years making the same or similar factual claims

against any of the Defendants. *Id.* § 1332(d)(4)(A)(ii).  Griffin faces the burden of proof on this

issue, but the Defendants make no challenge to Griffin's claim on this ground.  The Court has also

conducted independent research on the question and has also found no class action filed after May

1, 2006, against any of the Defendants asserting similar factual allegations.[4/]

Therefore, the Court finds that Griffin has shown that CAFA's local controversy exception

applies.  Accordingly, this Court must decline to exercise jurisdiction over the instant case.

---

[4/] Those cases the Court did review concerned allegations that Defendant AGFI violated a South Carolina statute in failing to ascertain a borrower's preference for legal counsel at closing, *King v. Am. General Finance, Inc.*, 687 S.E. 2d 321 (S.C. 2009), that Defendant AGFS charged a notary fee in excess of maximum allowed by Georgia law, *Anthony v. Am. General Financial Services, Inc.*, 583 F.3d 1302 (11th Cir. 2009), and that Defendant AGFS failed to timely file a termination of financing statement in violation of Ohio law, *Alexander v. Wells Fargo Financial Ohio 1, Inc.*, 911 N.E.2d 286 (Ohio 2009).  These cases do not involve "the same or similar factual allegations" as the instant case.

Case No. 1:09-CV-2772
Gwin, J.

### B. Removal by Counterclaim Defendants

The Court notes that even if Griffin failed to satisfy her burden to show that the local-controversy exception applied, remand would nevertheless be proper because the removing parties were ineligible to remove under the principles described in *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). *See also First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 463 (6th Cir. 2002) (holding that third-party defendants are not "defendants" for purposes of § 1441(a)); *Capitalsource Finance, LLC v. THI of Columbus, Inc.*, 411 F. Supp. 2d 897, 900 (S.D. Ohio 2005) (applying *Curry* and holding that new counterclaim defendants did not have statutory authority to remove); *Dartmouth Plan, Inc. v. Delgado*, 736 F. Supp. 1489, 1492 (N.D. Ill. 1990) ("But just as a third-party has no special rights to remove, neither does a non-plaintiff counterdefendant. A counterdefendant is not a defendant joined in the original action and therefore not a party that can remove a state action to federal court.").

This Court agrees with the analyses and holdings of numerous courts finding that CAFA does not alter the long-standing rule that only original defendants may remove an action from state court, especially in light of the fact that courts must construe a removal statute narrowly. *See Palisades Collections LLC v. Shorts*, 552 F.3d 327, 336 (4th Cir. 2008); *see also Progressive West Ins. Co. v. Preciado*, 479 F.3d 1014, 1018 (9th Cir. 2007) ("Therefore, we must conclude CAFA does not alter the longstanding rule announced in *Shamrock* that precludes plaintiff/cross-defendants from removing class actions to federal court."); *First Bank v. DJL Props., LLC*, No. 09CV970, 2010 WL 380904, at *2 (S.D. Ill. Jan. 27, 2010) (agreeing with *Palisades* and *Preciado* and finding *Deutsche*

-10-

Case No. 1:09-CV-2772
Gwin, J.

*Bank* unpersuasive);[5/] *Wells Fargo Bank v. Gilleland*, 621 F. Supp. 2d 545, 548-49 (N.D. Ohio 2009)

(holding that CAFA does not permit removal by "third-party defendants, cross-claim defendants, or

counterclaim defendants"); *Ford Motor Credit Co., supra*, 2007 WL 2236618 at *2 ("[T]he

argument that Congress intended to allow a cross-claim defendant to remove a case in enacting the

CAFA is tenuous at best.  In the Sixth Circuit, a cross-claim defendant is not permitted to remove

an action.").

    Therefore, the Court finds that the removing parties in this case were ineligible to remove

under either § 1441(a) or § 1453(b).

### IV. Conclusion

    For the foregoing reasons, the Court **GRANTS** the motion to remand.

    IT IS SO ORDERED.


Dated: February 17, 2010                          s/          *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[5/]To the extent *Deutsche Bank Nat'l Trust v. Weickert*, 638 F. Supp. 2d 826 (N.D. Ohio 2009), reaches a
different conclusion, this Court joins *First Bank* in respectfully disagreeing with that holding